## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    *Plaintiff,*

vs.

    Case No. 15-CR-10141-EFM

FERNANDO DELGADO-ORNELAS,

    *Defendant.*

## MEMORANDUM AND ORDER

In May 2016, Petitioner Fernando Delgado-Ornelas entered a plea of guilty, pursuant to a Rule 11(c)(1)(C) plea agreement, to re-entry after deportation subsequent to a conviction for an aggravated felony. On that count, the Court sentenced Petitioner to thirty-seven months imprisonment. Petitioner now brings this Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Doc. 31). As will be explained below, the Court denies Petitioner's § 2255 claims and denies the motion without an evidentiary hearing.

### I.  Factual and Procedural Background

Petitioner is a citizen of Mexico. On December 5, 2002, Petitioner was convicted of conspiracy to distribute methamphetamine, which is considered an "aggravated felony" by the Immigration and Nationality Act, in the United States District Court for the Western District of Missouri. He was sentenced to forty-eight months in prison. Petitioner served his sentence and

then was deported in 2006.  On March 10, 2010, Petitioner was found in the District of Arizona. On March 14, 2011, he was convicted of re-entry after deportation and sentenced to forty-six months in prison.  Petitioner was removed to Mexico in August 2013.  On August 10, 2015, Petitioner was found in Kansas and did not have permission or consent to reapply for admission into the United States.

On September 15, 2015, a grand jury indicted Petitioner on one count of voluntarily re-entering the United States without obtaining the consent to apply for readmission to the United States.  On May 23, 2016, Petitioner entered into a Plea Agreement.  He entered a plea of guilty to Count One of the Indictment, admitting that he re-entered the United States without permission after being convicted and deported twice for other crimes.  On August 8, 2016, the Court sentenced Petitioner to thirty-seven months of imprisonment on the basis of his guilty plea. Ultimately, Petitioner was sentenced to forty-three months due to Petitioner's violation of his supervised release.  Petitioner did not appeal his conviction or sentence to the U.S. Court of Appeals for the Tenth Circuit.

On November 22, 2016, Petitioner filed this Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence.  In his motion, Petitioner argues that his conviction should be set aside because he received ineffective assistance of counsel. As discussed below, based on a review of the record, the Court finds Petitioner's grounds for error to be without merit.

## II.    Legal Standard

Under 28 U.S.C. § 2255(a),

[a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may

move the court which imposed the sentence to vacate, set aside or correct the sentence.

According to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts,

> [t]he judge who receives the motion must properly examine it.  If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion . . . . If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

The court must hold an evidentiary hearing on a § 2255 motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."[1]  The petitioner must allege facts that, if proven, would warrant relief from his conviction or sentence.[2]  An evidentiary hearing is not necessary where a § 2255 motion contains factual allegations that are contradicted by the record, inherently incredible, or when they are conclusions rather than statements of fact.[3]

## III.    Analysis

Petitioner claims that his counsel tricked him into signing the plea agreement with a promise that Petitioner would get a lower sentence.  In addition, Petitioner alleges that his limited knowledge of the law and his language barrier hindered his ability to understand the proceedings. Thus, Petitioner asserts an ineffective assistance of counsel claim.

---

[1] 28 U.S.C. § 2255(b).

[2] *See Hatch v. Oklahoma*, 58 F.3d 1447, 1471 (10th Cir. 1995), *overruled in part on other grounds by Daniels v. United States*, 254 F.3d 1180, 1188 n. 1 (10th Cir. 2001).

[3] *See id*. at 1472 (stating that "the allegations must be specific and particularized, not general or conclusory"); *see also United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994) (rejecting ineffective assistance of counsel claims that were merely conclusory in nature and without supporting factual averments).

Petitioner pleaded guilty pursuant to a Rule 11(c)(1)(C) agreement, in which he waived his right to appeal or collaterally attack his sentence.  The government moves to enforce this waiver in Petitioner's plea agreement.  Petitioner's plea agreement specifically states that Petitioner:

> knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, his conviction, or the components of the sentence to be imposed herein, including the length and conditions of supervised release, as well as any sentence imposed upon a revocation of supervised release.  The defendant is aware that 18 U.S.C. § 3742 affords him the right to appeal the conviction and sentence imposed.  By entering into this agreement, the defendant knowingly waives any right to appeal a sentence imposed in accordance with the sentence recommended by the parties under Rule 11(c)(1)(C).  The defendant also waives any right to challenge his sentence, in any collateral attack, including, but not limited to, a motion brought under 28 U.S.C. § 2255 (except as limited by *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001)), or a motion brought under Federal Rule of Civil Procedure 60(b).  In other words, the defendant waives the right to appeal the sentence in excess of the sentence recommended by the parties under Rule 11(c)(1)(C).  However, if the United States exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), the defendant is released from this waiver and may appeal the sentence received, as authorized by 18 U.S.C. § 3742(a).  Notwithstanding the forgoing waivers, the parties understand that the defendant in no way waives any subsequent claims with regards to ineffective assistance of counsel or prosecutorial misconduct.[4]

The plea agreement contains a § 2255 waiver that precludes Petitioner from collaterally attacking or challenging his sentence.  The Tenth Circuit has held that when a petitioner waives his right to bring a post-conviction collateral attack in a plea agreement and later brings a § 2255 petition, the court must determine: "(1) whether the disputed [claim] falls within the scope of the

---

[4] The Court cites to the entirety of the waiver provision. The Court notes that the government, in its brief, did not include the last sentence which addresses a petitioner's ability to bring an ineffective assistance claim.  At least one judge in this district has concluded that this last sentence broadens a petitioner's rights in bringing collateral attacks and § 2255 motions.  *See United States v. Ellis*, 2017 WL 193158, at *4 (D. Kan. Jan. 18, 2017) (noting that this final sentence is broader than the *Cockerham* exception and that "the plain language of the plea agreement permits all claims of ineffective assistance of counsel . . . .").

waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice."[5]

Here, it is questionable whether Petitioner's claim falls within the scope of the waiver of appellate rights. Petitioner alleges that his counsel tricked him into the plea agreement with a promise of a lower sentence and thus was ineffective in representing him. Through this claim, Petitioner essentially challenges his agreed upon sentence. The plea agreement's waiver precludes challenging his sentence. The waiver provision in the plea agreement, however, also explicitly states that Petitioner does not waive any claim for ineffective assistance of counsel. Thus, it would appear that Petitioner can bring his ineffective assistance claim. Accordingly, the Court will not enforce the waiver and will instead evaluate Petitioner's claim under the familiar standard set forth in *Strickland v. Washington*.[6]

In general, to succeed on a claim of ineffective assistance of counsel, a petitioner must meet the two-prong test set forth in *Strickland*. Under *Strickland*, a petitioner must prove that: (1) his counsel's representation was constitutionally deficient because it fell below an objective standard of reasonableness, and (2) the deficiency prejudiced the petitioner because it deprived him of the right to a fair trial.[7] To prevail on the first prong, a petitioner must demonstrate that the omissions of his counsel fell "outside the wide range of professionally competent assistance."[8] With regard to the second prong, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have

---

[5] *United States v. Viera*, 674 F.3d 1214, 1217 (10th Cir. 2012) (quoting *United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004)) (internal quotation marks omitted).

[6] 466 U.S. 668 (1984).

[7] *Id*. at 687-89.

[8] *Id*. at 690.

been different."[9]  "A reasonable probability is a probability sufficient to undermine confidence in the outcome."[10]  This requires the court to focus on "whether counsel's deficient performance render[ed] the result of the trial unreliable or the proceeding fundamentally unfair."[11]

In cases where a petitioner pleads guilty, the Supreme Court has held that prejudice can only be shown if there is "a reasonable probability that, but for counsel's errors, [the petitioner] would not have pleaded guilty and would have insisted on going to trial."[12]  Courts reviewing an attorney's performance must exercise deference, as "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment."[13]  A failure to prove one of the *Strickland* prongs is dispositive to a petitioner's claim, and a court may dispose of either the first or second prong, whichever is easier to resolve.[14]

Here, Petitioner entered into a Rule 11(c)(1)(C) plea agreement in which his prison sentence was already explained to him as being between twenty-four and forty-eight months. During the plea colloquy, the Court specifically asked Petitioner if his counsel had talked to him about the charges and his defenses and whether he was satisfied with his attorney's representation.  Petitioner answered affirmatively to these questions.  Petitioner stated that he had enough time to discuss his case with his counsel.  The Court specifically informed Petitioner

---

[9] *Id.* at 694.

[10] *Id.*

[11] *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993) (citing *Strickland*, 466 U.S. at 687).

[12] *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

[13] *Strickland*, 466 U.S. at 690.

[14] *United States v. Orange*, 447 F.3d 792, 796-97 (10th Cir. 2006) (citations omitted).

that he was agreeing to a prison sentence between two and four years.  The Court also inquired whether any other promises other than the ones set forth in the plea agreement had been made to Petitioner to persuade him to enter the plea.  Petitioner stated, under oath, that no other promises or threats had been made to him to induce him to enter into the plea.  Petitioner's vague assertions in his § 2255 motion that he was promised a different sentence by his counsel are flatly contradicted by the record and his testimony in court.  Thus, Petitioner does not direct the Court to evidence that his counsel's performance fell outside professionally competent assistance.

Even if counsel told Petitioner that he would receive a lower sentence, Petitioner has not shown prejudice.  As noted above, the Court thoroughly went through the plea agreement with Petitioner.  The Court specifically told Petitioner the amount of time he may receive (two to four years), and Petitioner received a sentence within that range (37 months with an additional 6 months for a supervised release violation). This sentence was within the range of the proposed sentence in his agreed upon plea agreement.  This sentence is also lower than the guideline range of fifty-seven to seventy-one months had Petitioner proceeded to trial and been convicted of the offense.   Thus, Petitioner cannot establish that his counsel's performance was deficient or prejudicial.

Petitioner also claims that he had limited knowledge of the law and a language barrier. Petitioner was appointed a translator whom was present and interpreted for Petitioner throughout the hearing.   The Court asked Petitioner multiple times whether he understood the plea documents and the proceedings in court.   Petitioner stated that he did.  Furthermore, the Court notes that Petitioner has been found guilty of re-entry after deportation twice which indicates

some knowledge of the legal process. Thus, Petitioner's language barrier and alleged limited knowledge of the law is to no avail to his ineffective assistance claim.

An evidentiary hearing is not necessary on Petitioner's motion because Petitioner's allegations are not supported by the record. Petitioner does not provide the Court with a basis for vacating his sentence. Accordingly, Petitioner's § 2255 motion is without merit and is denied.

### IV. Certificate of Appealability

Rule 11 of the Rules Governing Section 2255 Proceedings requires the Court to grant or deny a certificate of appealability ("COA") when making a ruling adverse to the petitioner. A court may only grant a COA "if the applicant has made a substantial showing of the denial of a constitutional right."[15] A petitioner satisfies this burden if "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."[16] For the reasons explained above, Petitioner has not made a substantial showing of the denial of a constitutional right. Therefore, the Court denies a COA.

**IT IS THEREFORE ORDERED** that Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody (Doc. 31) is hereby **DENIED.**

---

[15]   28 U.S.C. § 2253(c)(2). The denial of a § 2255 motion is not appealable unless a circuit justice or a district judge issues a COA. *See* 28 U.S.C. § 2253(c)(1).

[16]   *Saiz v Ortiz*, 392 F.3d 1166, 1171 n.3 (10th Cir. 2004) (quotation marks and citation omitted).

**IT IS SO ORDERED**.

Dated this 31st day of January, 2017.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE